1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9                **EASTERN DISTRICT OF CALIFORNIA**

10

11  | ANGEL RODRIGUEZ, | ) | Case No. 1:19-cv-00001-DAD-SAB (PC) |

12  | Plaintiff, | ) ) |  |
                                       ) ORDER DENYING PLAINTIFF'S MOTION
13  | v. | ) | FOR APPOINTMENT OF COUNSEL, WITHOUT |
                                       ) PREJUDICE
14  | UNITED STATES OF AMERICA, | ) |  |
                                       ) [ECF No. 17]
15  | Defendant. | ) |  |
16  |  | ) |  |

17          Plaintiff Angel Rodriguez is appearing pro se and in forma pauperis in this action pursuant to

18  the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674.

19          Currently before the Court is Plaintiff's motion for appointment of counsel, filed June 28,

20  2019.

21          There is no constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d

22  1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to

23  28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490

24  U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the

25  voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

26          Without a reasonable method of securing and compensating counsel, the court will seek

27  volunteer counsel only in the most serious and exceptional cases. In determining whether

28  "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

1

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court finds that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff is proceeding on claims of assault and battery under the FTCA, and the legal issues present in this action are not complex. In addition, Plaintiff has thoroughly set forth his allegations in the complaint. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.") Accordingly, Plaintiff motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:    **June 28, 2019**

_____
UNITED STATES MAGISTRATE JUDGE