# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 1:19-cv-00001-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT BE DENIED<br><br>[ECF No. 25] |

Plaintiff Angel Rodriguez is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2674.

Currently before the Court is Plaintiff's motion to amend the complaint, filed November 14, 2019. Because the Court finds that Plaintiff's motion to amend should be denied as futile, the Court finds an opposition by Defendant is unnecessary and the Court deems the motion suitable for review. Local Rule 230(l).

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against the United States of America for assault and battery under the FTCA.

Defendant filed an answer to the complaint on June 18, 2019. On June 19, 2019, the Court issued the discovery and scheduling order.

1

## II.

## DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999). However, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend. Bonin v. Calderon, 59 F.3d 814, 845 (9th Cir. 1995); Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988).

Plaintiff seeks to amend the complaint to add correctional officer Ramos as a Defendant. Plaintiff's motion to amend is futile. The United States is the only proper party defendant in an FTCA action. Kennedy v. United States Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998). Moreover, the "FTCA is the exclusive remedy for tort actions against a federal agency, and this is so despite the statutory authority of any agency to sue or to be sued in its own name." Id. (Affirming the district court's dismissal of plaintiff's FTCA claim as improperly brought against a person and entity not subject

to the FTCA); see also Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) ("The district court also properly dismissed Lance's action to the extent his complaint named Does 1 through 20 as additional defendants: the United States is the only proper defendant in an FTCA action."). Because Plaintiff cannot seek liability against correctional officer Ramos under the FTCA upon which this action proceeds, Plaintiff's motion to amend should be denied as futile.

## III.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED THAT Plaintiff's motion to amend the complaint filed on November 12, 2019, be denied as futile.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 15, 2019**

UNITED STATES MAGISTRATE JUDGE