# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL RODRIGUEZ, | Case No. 1:19-cv-00001-DAD-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S SECOND MOTION FOR LEAVE TO DEPOSE CORRECTIONAL OFFICER RAMOS BY WRITTEN QUESTIONS |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | [ECF No. 27] |

Plaintiff Angel Rodriguez is appearing pro se and in forma pauperis in this civil rights action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2674.

Currently before the Court is Plaintiff's second motion to depose correctional officer Ramos by written questions pursuant to Federal Rule of Civil Procedure 31, filed January 27, 2020. The Court deems Plaintiff's motion suitable for review without an opposition by Defendant.

## I.

## DISCUSSION

A deposition by written questions must be conducted in compliance with Rule 31 of the Federal Rule of Civil Procedure. Depositions by written questions entail more than mailing questions to the deponents and awaiting their written responses. Fed. R. Civ. P. 31. Pursuant to Federal Rule of Civil Procedure 31:

1

> The deposition upon written questions basically would work as follows: The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b), the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness[.]

Harrell v. Jail, No. 2:14-cv-1690 TLN CKD P, 2015 WL 8539037, at1-2 (E.D. Cal. Dec. 11, 2015) (quoting Brady v. Fishback, No. 1:06-cv-0136 ALA (P), 2008 WL 1925242, at *1-2 (E.D. Cal. Apr. 30, 2008)). Plaintiff's in forma pauperis status does not entitle him to a waiver of any costs associated with this form of deposition; rather, Plaintiff must pay the necessary deposition officer fee, court reporter fee, and costs for a transcript. Brady v. Fishback, 2008 WL 1925242, at *2.

Plaintiff's current motion is identical to the prior motion filed on December 19, 2019, and denied on January 21, 2020. (ECF Nos. 27, 30.) Plaintiff seeks to take a Rule 31 deposition by written questions of correctional officer Ramos because the United States "objected due to the fact Ramos was not a party" in its responses to interrogatories and requests for admission. (ECF No. 31.) However, Plaintiff has not sought to a further response to the interrogatories and/or requests for admission by way of a Rule 37 motion to compel. Fed. R. Civ. P. 37. Furthermore, Plaintiff has failed to comply with the requirements set forth in Rule 31, and his second request for the deposition of officer Ramos by written question must be denied, without prejudice.

IT IS SO ORDERED.

Dated: **January 28, 2020**

UNITED STATES MAGISTRATE JUDGE