# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL RODRIGUEZ, | Case No. 1:19-cv-00001-DAD-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | [ECF No. 34] |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiff Angel Rodriguez is appearing pro se and in forma pauperis in this civil rights action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2674.

Currently before the Court is Plaintiff's motion to compel, filed on February 11, 2020.

## I.
## RELEVANT HISTORY

This action is proceeding on Plaintiff's assault and battery claims under the FTCA against the United States of America.

On June 18, 2019, the United States of America filed an answer to the first amended complaint. (ECF No. 15.)

On June 19, 2019, the Court issued the discovery and scheduling order. (ECF No. 16.)

On January 21, 2020 and January 28, 2020, the Court denied Plaintiff's motions for leave to depose correctional officer Ramos by written questions. (ECF Nos. 30, 32.)

1

As previously stated, on February 11, 2020, Plaintiff filed a motion to compel further responses his first set of interrogatories directed to officer Ramos. (ECF No. 34.) Defendant filed an opposition on March 2, 2020. (ECF No. 35.) Although the time for Plaintiff to file a reply has not expired, the Court finds the motion suitable for review without a reply. Local Rule 230(l).

## II.

## LEGAL STANDARD

Plaintiff is proceeding pro se and is challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 16, Discovery and Scheduling Order, ¶ 4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

1   However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

### III.
### DISCUSSION

Plaintiff seeks to compel further responses to his first set of interrogatories directed to "Defendant Ramos." Plaintiff's motion to compel must be denied.

///

First, Plaintiff has failed to submit the discovery responses that are subject to dispute. Second, Plaintiff did not sign the interrogatories as required by Federal Rule of Civil Procedure 26(g). Therefore, the United States was not required to act on an unsigned request. Fed. R. Civ. P. 26(g)(2). Nonetheless, Defendant submits that Plaintiff was advised of its objections. Defendant correctly points out that the interrogatories were improperly directed to "Defendant Ramos." However, the only Defendant in this action is the United States, and correctional officer is an employee of the United States. See Fed. R. Civ. P. 33(a)(1) (interrogatories can be served only on a party). Defendant then interpreted the interrogatories as directed to the United States,[1] and properly objected on the ground they were vague, ambiguous regarding use of "violent force," and argumentative. As a result, Plaintiff subsequently served a second set of interrogatories directed to the United States, and the United States responded to those requests which are not the subject of a motion to compel. Therefore, Defendant submits the responses to the second set of discovery make responses to the first set duplicative (asked and answered). Consequently, there is no evidence that Plaintiff is in need of further responses, and Plaintiff's motion to compel is DENIED. In addition, because the Court is denying the motion, Plaintiff may not obtain expenses in preparing the motion under Federal Rule of Civil Procedure 37(a)(5)(A).

IT IS SO ORDERED.

Dated: **March 3, 2020**

UNITED STATES MAGISTRATE JUDGE

---

[1] The United States did not object to providing information from officer Ramos as an "officer or agent" of the United States. Fed. R. Civ. P. 33(b)(1)(B).

4