1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANGEL RODRIGUEZ,                    No.  1:19-cv-0001-DAD-SAB (PC)

12            Plaintiff,

13        v.                             AMENDED FINAL PRETRIAL ORDER

14   UNITED STATES OF AMERICA,

15            Defendant.

16

17        On April 4, 2022, the court conducted a final pretrial conference.  Plaintiff Angel

18   Rodriguez, appearing *pro se* in this action, appeared telephonically; Assistant United States

19   Attorneys Jeffrey James Lodge and Brodie Butland appeared telephonically as counsel for

20   defendant.  Having considered the parties' objections, the court issues this final pretrial order.

21        Plaintiff Angel Rodriguez is a federal prisoner proceeding *pro se* in this Federal Tort

22   Claims Act ("FTCA") action pursuant to 28 U.S.C. §§ 2671–80.  This action proceeds on

23   plaintiff's complaint against defendant United States for alleged assault and battery committed by

24   a federal prison correctional officer at the United States Penitentiary in Atwater, California.  This

25   matter is now set for trial on August 2, 2022.

26   I.    JURISDICTION/VENUE

27        Jurisdiction is predicated on 28 U.S.C. §§ 1331, 1343(b), and the Federal Tort Claims Act,

28   28 U.S.C. §§ 2671–80.  Jurisdiction is not contested.

1

Venue is proper pursuant to § 28 U.S.C. § 1391(b).  Venue is not contested.

II.      JURY

This action will be tried by the court, not a jury, pursuant to 28 U.S.C. §§ 2402 and 1346. That a bench trial is required in this case is not contested.

III.     UNDISPUTED FACTS

1.      Plaintiff Angel Rodriguez was designated to the United State Penitentiary in Atwater, California ("USP Atwater") from August 8, 2017 until September 5, 2018.

2.      On June 25, 2018, at approximately 11:30 a.m., plaintiff was escorted from the security housing unit recreation area to his cell by Officer Ramos.

3.      Plaintiff stopped in front of the video surveillance camera, turned, and turned his head to the left and back to make a complaint to a different prison official, Officer Fontes.

4.      Officer Ramos employed a "bear hug" on plaintiff.

5.      After a brief struggle, Officer Ramos was able to readjust his grip.

6.      Plaintiff pushed his head back.

7.      Other officers immediately responded to the situation.

8.      As additional officers arrived, Officer Ramos backed away from the situation.

9.      None of the officers, including Officer Ramos, threw any punches.

10.      Plaintiff was taken for a medical assessment and the examination was videotaped and preserved.

11.      The Bureau of Prisons preserved the video recording of the incident.

IV.     DISPUTED FACTUAL ISSUES

1.      Whether plaintiff was made to walk at an extremely fast pace during Officer Ramos's escort of plaintiff.

2.      Whether plaintiff informed Officer Ramos that he could not walk at such a pace due to the condition of his ankles.

3.      Whether plaintiff began pulling away from Officer Ramos in an attempt to break control.

2

4.      Whether Officer Ramos used unreasonable or excessive force against plaintiff.

5.      Whether plaintiff suffered compensable injury.

V.      DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*.  The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial.  Plaintiff does not anticipate filing any motions *in limine*.  Defendant anticipates filing the motion *in limine* below.  Any motions *in limine* counsel elects to file shall be filed no later than **35 days before trial**.  Opposition shall be filed no later than **21 days before trial** and any replies shall be filed no later than **14 days before trial**.  Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

Defendant's Motions in Limine

1.      Defendant anticipates filing a motion *in limine* seeking to preclude plaintiff from introducing testimony from any undisclosed witness.  The court notes that such a motion may be unnecessary in light of the court's order, set forth below, regarding the limitations on the calling of witnesses not listed in the court's Final Pretrial Order.

VI.      SPECIAL FACTUAL INFORMATION

Pursuant to Local Rule 281(b)(6), the following special factual information pertains to this action:

Plaintiff has not identified any special factual information relevant to this case.

Defendant contends that the facts and issues described above provide the information for tort actions by Local Rule 281(b)(6).  In addition, defendant contends that plaintiff may not recover punitive damages under the FTCA, and damages, if any, are limited to the amounts set forth in plaintiff's administrative claim.  28 U.S.C. §§ 2674, 2675(b).

VII.      RELIEF SOUGHT

1.      Plaintiff seeks $50,000 in compensatory damages.

/////

3

2.      Defendant seeks dismissal of plaintiff's complaint.  In the event that plaintiff is successful in holding defendant liable for damages, defendant seeks a determination of comparative fault.

VIII.   POINTS OF LAW

The claims and defenses arise under federal law.  All of plaintiff's claims are brought against the defendant, the United States of America.

1.      The elements of, standards for, and burden of proof in a claim under the Federal Tort Claims Act for assault and battery.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED AND DEEMED WAIVED.[1]

IX.     ABANDONED ISSUES

None.

X.      WITNESSES

Plaintiff's witnesses shall be those listed in **Attachment A**.  Defendant's witnesses shall be those listed in **Attachment B**.  Each party may call any witnesses designated by the other.

A.      **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

(1)     The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

(2)     The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

---

[1]  In its objections to the court's tentative pretrial order, defendant states that this "handling of affirmative defenses . . . is acceptable" because "[m]any of the matters [defendant previously] identified as affirmative defenses are limitations on Plaintiff's ability to recover against the United States which remain valid."  (Doc. No. 69 at 1.)

4

B.   Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider whether the witnesses shall be permitted to testify at trial.  The witnesses will not be permitted unless:

(1)   The witness could not reasonably have been discovered prior to the discovery cutoff;

(2)   The court and opposing parties were promptly notified upon discovery of the witness;

(3)   If time permitted, the party proffered the witness for deposition; and

(4)   If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

XI.   EXHIBITS, SCHEDULES, AND SUMMARIES

Joint exhibits are listed in **Attachment C**.  Plaintiff's exhibits are listed in **Attachment D**.[2]  Defendant's exhibits are listed in **Attachment E**.  No exhibit shall be marked with or entered into evidence under multiple exhibit numbers.  All exhibits must be pre-marked as discussed below.  At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.  Plaintiff's exhibits shall be listed numerically, and defendants' exhibits shall be listed alphabetically.

The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.  The parties must exchange exhibits no later than **28 days before trial**.  Any objections to exhibits are due no later than **14 days before**

/////

/////

/////

---

[2]  This amended final pretrial order updates plaintiff's exhibit list to reflect the greater detail provided in plaintiff's updated exhibit list filed on June 29, 2022.  (Doc. No. 83.)

**trial**.  The final exhibits are due **the Thursday before the trial date.** [3]  In making any objection, the party is to set forth the grounds for the objection.  As to each exhibit which is not objected to, no further foundation will be required for it to be received into evidence, if offered.

      **The court does not allow the use of undisclosed exhibits for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

A.    The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

    (1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

    (2)    The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial.  The exhibits will not be received unless the proffering party demonstrates:

    (1)    The exhibits could not reasonably have been discovered earlier;

/////

---

[3]  Under the deadlines set forth in the court's tentative pretrial order, the parties are to provide exhibit binders to the court on July 28, 2022, the Thursday before the August 2, 2022 trial date. (Doc. No. 67 at 6.)  In plaintiff's response to the tentative pretrial order, he states that he was transferred to the United States Penitentiary Victorville located in Victorville, California, where he arrived on April 28, 2022.  (Doc. No. 78 at 1.)  Plaintiff represents that as of May 25, 2022, he still had not received his property, "which contains all of his trial materials."  (*Id.* at 1–2.)  For that reason, plaintiff requests an additional thirty days "in which to file the exhibit binders for use by the court at trial."  (*Id.* at 2.)  It appears to the court that plaintiff has misunderstood the deadlines relating to exhibits in this action.  Accordingly, the court provides the following clarification:  this pretrial order requires the parties to exchange exhibits 28 days before trial, but the provision of exhibit binders to the court occurs the Thursday before the trial date (in this case, on July 28, 2022).  At this point, plaintiff has not shown good cause to extend the deadline for the parties to provide exhibit binders to the court, as doing so would likewise require a continuance of the trial date itself.  **Thus, plaintiff's request is denied without prejudice to plaintiff seeking relief as appropriate, if his legal documents have not arrived within a sufficient time prior to trial for him to be able to comply with the court's deadlines**.

(2)    The court and the opposing parties were promptly informed of their existence;

(3)    The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

XII.    <u>DISCOVERY DOCUMENTS</u>

Defendant has indicated the intent to use the following discovery documents at trial:

1.    Defendant's Requests for Admission to Plaintiff Angel Rodriguez [Set One] dated and served August 27, 2019, including Inmate History (dated April 17, 2019) and Inmate Discipline Data (dated April 17, 2019).

2.    Plaintiff's Response to Requests for Admissions to Plaintiff Angel Rodriguez [Set One], verified but undated.

Plaintiff has indicated the intent to use the following discovery documents at trial:

1.    Defendant's response to interrogatories of the United States (set two).

XIII.    <u>FURTHER DISCOVERY OR MOTIONS</u>

None.

XIV.    <u>STIPULATIONS</u>

The parties have stipulated to the authenticity and admissibility of their joint exhibits.

XV.    <u>AMENDMENTS/DISMISSALS</u>

None.

XVI.    <u>SETTLEMENT</u>

The parties attended a court-ordered settlement conference with the court before Magistrate Judge Barbara A. McAuliffe on June 7, 2022.  (Doc. No. 80.)  The parties did not reach a settlement.  No further court supervised settlement conference will be scheduled unless both parties indicate that a further settlement conference may be productive.

/////

/////

7

XVII.   JOINT STATEMENT OF THE CASE

Because this is a bench trial, presentation of an agreed neutral statement of the case is not necessary.

XVIII.   SEPARATE TRIAL OF ISSUES

None.

XIX.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

XX.   ATTORNEYS' FEES

Plaintiff, who is proceeding *pro se*, is not entitled to attorney's fees.  *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

XXI.   TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

None.

XXII.   MISCELLANEOUS

To ensure plaintiff's appearance at the trial, defense counsel will coordinate with the U.S. Marshals Service in order to assist the court in making the necessary arrangements for plaintiff to be held at the Fresno County Jail for trial.

XXIII.   ESTIMATED TIME OF TRIAL/TRIAL DATE

The bench trial will be conducted in person[4] commencing on August 2, 2022 at 8:30 a.m. in Courtroom 5 in Fresno before the assigned district judge.  Trial is anticipated to last 2–3 court days.  The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.

Counsel are directed to call Mamie Hernandez, courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the trial date.

---

[4]  At the final pretrial conference, the court discussed with the parties its past unsuccessful efforts to utilize the VTC system which is purportedly available at U.S. Bureau of Prisons institutions to conduct court hearings.  Although the court is not necessarily opposed to conducting the bench trial in this action by video, plaintiff's recent transfer to a BOP facility in Victorville, California suggests that a trial by video will not be necessary in this action.  Accordingly, the trial will be scheduled as in person at this time, subject to modification by further order if the circumstances warrant it.

XXIV. <u>PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS</u>

      Because this is a bench trial, jury *voir dire* and jury instructions are not necessary.

XXV. <u>TRIAL BRIEFS</u>

      As noted above, trial briefs are due **7 days before trial**.

IT IS SO ORDERED.

    Dated:   **July 1, 2022**

                                     UNITED STATES DISTRICT JUDGE

9

**ATTACHMENT A**

Plaintiff's Witness List

1.      Javier Ramos, Jr., Senior Officer Specialist at USP Atwater

2.      Joel Zaragoza, Operations Lieutenant at USP Atwater

3.      M. Fontes, Senior Officer Specialist at USP Atwater

4.      G. Cobb, Special Investigative Services at USP Atwater

**ATTACHMENT B**

Defendant's Witness List

1.      Senior Officer Specialist Javier Ramos, Jr.; (209)-386-0257; USP Atwater

2.      Senior Officer Specialist Michael Fontes; (209) 386-0257; USP Atwater

3.      Lieutenant Joel Zaragoza; (209) 386-0257; USP Atwater

4.      Physician's Assistant Mark Spears; (209) 386-4603; USP Atwater

Rebuttal Witnesses

5.      Senior Officer Specialist Kyle Ray; (209) 386-0257; USP Atwater

6.      G. Cobb; Special Investigative Services; (209) 386-0257; USP Atwater

7.      Dr. Thomas Moore; (559) 274-4600; FCI Mendota

**ATTACHMENT C**

Joint Exhibit List

JX-1.  Video Recreation Walkway.  Surveillance video from June 25, 2018, at approximately 11:30 a.m. in the SHU recreation area at USP Atwater.

JX-2.  BOP Incident Report.  BOP report of the incident dated June 25, 2018.

JX-3.  BOP Memorandum from M. Fontes.  BOP officer Fontes' report of the incident dated June 25, 2018.

JX-4.  BOP Memorandum from J. Zaragoza.  BOP officer Zaragoza's report of the incident dated June 25, 2018.

JX-5.  Rodriguez Declaration.  Plaintiff's declaration dated July 10, 2020.

JX-6.  Tort Claim Investigation.  Memorandum by BOP employee G. Cobb, Lieutenant dated Oct. 18, 2018.

JX-7.  Federal Bureau of Prisons Referral of an Inmate Criminal Matter for Investigation.  BOP criminal referral following the incident reflecting entry of the electronic data on June 28, 2018.

JX-8.  Form 583 Report of Incident.  BOP Incident Report dated June 25, 2018, Incident No. ATW-18-0129, to the Disciplinary Hearing Officer ("DHO") for violation of Code 224/203:  "Assaulting any person/Threatening."

JX-9.  Tort Claim.  Administrative claim filed by plaintiff as SF 95-Claim for Damage dated July 19, 2018.

JX-10.  Medical Assessment Video.  Video of the medical assessment of plaintiff on June 25, 2018 at approximately 11:45 a.m. conducted by Physician Assistant Spears.

JX-11.  BOP Use of Force and Application of Restraints Policy.  Program Statement 5566.06, Use of Force and Application of Restraints, p.1, dated Nov. 30, 2005.

JX-12.  Javier Ramos, Jr. Declaration.  Declaration of Officer Ramos filed in support of defendant's motion for summary judgment, including Ex. 1-2 (Ex. 1 MDS).

/////

/////

JX-13.  Joel Zaragoza Declaration.  Declaration of Lieutenant Zaragoza filed in support of defendant's motion for summary judgment, including Ex. 1-4 (Ex. 3 Clinical Encounter June 25, 2018, Ex. 4 MDS).

JX-14.  Plaintiff's first amended complaint filed as Doc. Nos. 8, 9-2.

JX-15.  Plaintiff's Medical Duty Status.  BOP's electronic record (printed April 7, 2020) showing that plaintiff had no medical restrictions on the date of the incident (Inmate History MED DY ST "NO MEDICAL REST — REGULAR DUTY 07-01-2013 0703 CURRENT").

JX-16.  Medical Examination Note.  Clinical Encounter June 25, 2018 and official BOP medical record of plaintiff's medical examination recorded by video following the incident.

**ATTACHMENT D**

Plaintiff's Exhibit List

1.   Inmate Request to Staff.  Plaintiff's complaint to Special Investigative Services supervisor Fields, dated June 26, 2018, authored by plaintiff and concerning the alleged assault and battery by staff.

2.   Left Ankle Fracture.  Plaintiff's surgery for a left ankle fracture conducted at Three Gables Surgery Center by Dr. Jeffrey Shook, D.P.M. on October 10, 2005.

3.   Right Ankle Dislocation-Ligament Damage.  Plaintiff's surgery for right ankle dislocation and ligament damage.  Surgery conducted by Dr. Kevin D. Brown, D.P.M. on May 9, 2007.

4.   Right Ankle Re-Injury-Ligament Re-Ruptured.  Plaintiff's surgery to place two screws in right ankle and fix tear in ligament.  Surgery conducted at Three Gables Surgery Center by Dr. Kevin Brown, D.P.M. on July 27, 2007.

5.   Defendant's Response to Interrogatories.  Defendant's response to plaintiff's interrogatories to United States, Set Two, 1–7, dated February 13, 2020.

6.   Reply to Plaintiff's Opposition to United States Motion for Summary Judgement.  Defendant's reply to plaintiff's opposition dated July 28, 2020 is submitted in its entirety as documentary evidence of defendant's inconsistent statements.

14

**ATTACHMENT E**

Defendant's Exhibit List

A.    Medical Duty Status dated July 1, 2013, signed by Walter Dobushak D.O. showing no restrictions.

B.    Medical Duty Status dated Nov. 20, 2015, signed by Amanda Edwards, PA-C showing no restrictions.

C.    U.S. Department of Justice Bureau of Prisons, SHU Quarterly Training, Escorting Procedures Summary, including "Staff are in control every step of the way" and "Staff set the pace, not the inmate."

D.    Inmate History dated April 17, 2019.

E.    Inmate Discipline Data dated April 17, 2019.

F.    Defendant's Requests for Admission to Plaintiff Angel Rodriguez [Set One] dated and served August 27, 2019, including Defense Exhibits D and E.

G.    Plaintiff's Response to Requests for Admissions to Plaintiff Angel Rodriguez [Set One], verified but undated.